**In re Clifford Eugene and Martha J. COOK, Debtors.**

**Clifford Eugene COOK and Martha J. Cook, Plaintiffs,**

v.

**AVCO FINANCIAL SERVICES, INC., Defendant.**

**Adv. No. 82 K 0482.**

United States Bankruptcy Court, D. Colorado.

May 6, 1982.

James L. Aab, Denver, Colo., for plaintiffs.

John D. Watson, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court on the Debtors' Complaint to Avoid Lien under 11 U.S.C. § 522(f) and the Counterclaim for Relief from Stay filed by the creditor/defendant AVCO Financial Services, Inc.

The parties tried the case on the following stipulated facts (either as stated on the record or as appears from Debtors' Exhibit 1, or the Security Agreement and Statement of Loan attached to Defendant's Answer and Counterclaim):

On July 24, 1979, Debtors executed a Loan Agreement with AVCO and a Security Agreement (nonpurchase money) pledging their household goods as collateral. The Security Agreement contained the following language:

The Debtor(s) grant this security interest to secure repayment of the amount financed plus charges accruing thereon shown above. This security agreement shall also secure repayment of all future

advances made by the secured party to or for the account of Debtor(s) before satisfaction of the indebtedness represented hereby including advances for loans, taxes, levies and insurance.

On March 31, 1981, the Debtors received additional funds from AVCO as represented on the Statement of Loan. That Statement indicates that the amount still due and owing on the original loan (less pre-computed charges) was paid to AVCO out of the new loan process. It also shows that this new agreement was a "Renewal Loan" and that the terms and conditions of the original loan agreement of July 24, 1979, remain in full force and effect except as modified in the Statement and that the Statement became a part of the Loan Agreement as though fully set forth therein.

The Statement also indicates that the new loan is secured by the Security Agreement dated July 24, 1979, and that all household goods owned by the Debtors at the time of the new loan were to be further security for the new loan. However, the parties did not execute a new security agreement and have stated that no new collateral was given.

The parties also stipulated that the value of the household goods securing these transactions is $1145.00.

■  Debtors argue that the advancement of additional sums by AVCO on March 31, 1981 (wherein part of the proceeds were applied to the original loan) constituted a "new loan" such that the critical date would be March 31, 1981 and not July 24, 1979. However, they ignore the language of both the Security Agreement and the Statement of Loan set forth, *supra*. AVCO did not obtain a new security interest in 1981, but rather continued the security interest obtained in 1979. The cases cited by Debtors' counsel in oral argument are inapposite. Those cases deal with the question of whether or not, in circumstances as are present here, the security interest held by the creditors lost its character of a purchase money security interest. That issue is not before us.

It is therefore the opinion of this Court that the transaction of March 31, 1981, whether characterized as a "new loan", "renewal loan", "roll over", or "flipping" was not such as to change the *date* of the creditor's security interest. The security interest attached on July 24, 1979, and such interest continued, by the terms of the parties' own agreement, to the present date. Section 522(f) does not speak of avoiding a "loan", but rather of avoiding a "security interest". With that, the issue facing the Court is whether AVCO's security interest may be avoided notwithstanding the fact that it attached on July 24, 1979.

■  The Bankruptcy Code was enacted by Congress on October 6, 1978, and signed into law by the President on November 6, 1978. The effective date of the Code was October 1, 1979.

In *Rodrock v. Security Industrial Bank*, 642 F.2d 1193 (10th Cir. 1981), the Court held that the provisions of 11 U.S.C. § 522(f)(2) could not constitutionally be applied to defeat a creditor's security interest in specific property acquired prior to October 6, 1978, the enactment date of the Code.

Here we have an original security interest in specific property acquired on July 24, 1979, i.e., after enactment and signing by the President but 2½ months prior to the effective date.

Debtors cite several cases in their Motion for Judgment on the pleadings, including cases from this District, that hold that such security interests that fall into this "gap" period can be avoided under § 522(f)(2). With all due respect to those courts, I find their reasoning faulty. The premises of those decisions are that since the creditors had notice of the Code which was signed into law, that the taking of their property interest was constitutional. The reasoning of *Rodrock, supra*, and the cases cited therein militate against that logic. The Tenth Circuit in analyzing *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935), stated:

> . . . Congress could not take for the debtor's benefit rights in specific property acquired by a creditor prior to the amendment of the Bankruptcy Act. 642 F.2d 1193 at 1197.

The Code was not effective until October 1, 1979. At any time after the President signed the legislation on November 6, 1978, until the effective date, the Code, or any provision therein could have been repealed or amended. The Code simply was not the law of the land until it became effective. The Bankruptcy Act which the Code replaced was still the organic law up to October 1, 1979. Creditors had the right to rely on what the law was at the time they obtained their security interests.

It is, therefore, the opinion of this Court that application of § 522(f)(2) to a security interest which attached prior to October 1, 1979 would be an unconstitutional taking of property *contra* to the Fifth Amendment to the U. S. Constitution.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that the Complaint herein be, and it is, dismissed with prejudice.

IT IS FURTHER ORDERED that the Counterclaim of AVCO is dismissed, without prejudice and that the Debtors/Plaintiffs herein shall have to and including May 26, 1982, to file an Amended Plan and Motion to Confirm and shall provide notice of such in accordance with Local Rule 23.